# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1869
Lower Tribunal No. 12-20337B
_____

**Frank Jackson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

J. Rafael Rodriguez, Special Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and SALTER and LUCK, JJ.

PER CURIAM.

Frank Jackson and his co-defendant, Juan Jefferson, were charged, as principals, with the armed carjacking and robbery of Derek King and Maria Urrea

on August 14, 2012; Jackson was also charged with possession of a firearm by a convicted felon. Jackson was tried and convicted of the crimes alleged, and, on appeal, claims there was insufficient evidence to demonstrate: he was armed during the commission of the carjackings and robberies; and he was the person who committed the crimes. We disagree and affirm the convictions and sentences entered below.

The evidence elicited at trial, viewed, as we must, in the light most favorable to the State, was as follows. See Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). On August 14, 2012, Mr. King was returning home after work at about midnight when two men ran up to him pointing guns at him and telling him to get out of his vehicle. They forced him to lay face-down on the ground. As one assailant held a gun to the back of his head, the other searched Mr. King's Jeep. A cell phone, identification and debit card were removed from Mr. King's pockets. The men then left in the Jeep.

Jackson was observed in the green Jeep coming off I-95 at Northwest 103rd Street and 7th Avenue. A car chase ensued, which ended when the Jeep smashed into a fence. Jackson exited the vehicle and fled; he was subsequently apprehended when running on the edge of I-95. There was a black semiautomatic firearm on the right passenger seat of the abandoned Jeep.

2

That same night at about 1:00 a.m., before the chase, Maria Urrea left work and went to her bank to deposit her tip money. She drove her Volkswagen Jetta to the drive-thru ATM of her bank. While using the ATM, Ms. Urrea's vehicle was blocked by a green Jeep, from which two men exited, pointing guns at her. One of the assailants, who Ms. Urrea later identified as Jackson, stood less than an arm's length away from her. Jackson demanded that Ms. Urrea withdraw the money she had just deposited, but, because she was so nervous, Ms. Urrea was unable to do so. The men took money Ms. Urrea had in her bag and in her pocket, which she had not deposited. Upon hearing police sirens, the men jumped in Ms. Urrea's car and fled. At trial, the state admitted the ATM surveillance video of the incident. Ms. Urrea described the guns carried by her assailants as plain black without any silver. When shown a picture of the gun recovered from the Jeep's passenger seat, Ms. Urrea affirmed the guns she saw were similar.

Taken together, there is competent, substantial evidence supporting the jury's verdict that Jackson was a principal in the carjacking and robberies of Mr. King and Ms. Urrea, and he committed these crimes while possessing a firearm. See id. ("Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.").

Affirmed.

3